**WILLIAMSON v. COLUMBIA GAS & ELECTRIC CORPORATION, a Delaware Corporation (two cases).**

Nos. 6, 7.

United States District Court
D. Delaware.

June 16, 1950.

Arthur G. Logan and Samuel R. Russell (of Logan, Marvel & Boggs), of Wilmington, Del., for plaintiff.

Clarence A. Southerland (of Southerland, Berl & Potter) of Wilmington, Del., and Edward S. Pinney, of New York City, for defendant.

RODNEY, District Judge.

These actions are before the court upon amended motions for summary judgment filed by the defendant. The actions have been pending a long time, having been instituted on February 14, 1938. Good reasons growing out of pending litigation in other courts seem to exist for the intervening delay for which this court is in no way responsible. Argument on the present motions was heard on May 19, 1950.

These are companion cases and it is agreed by both parties that for present purposes the determination of one will be controlling in the other. They are anti-trust

actions seeking to recover treble damages under Section 4 of the Clayton Act [1] for alleged violations of Sections 1 and 2 of the Sherman Act.[2] The motions for summary judgment in each case are based on two grounds. One is that the dismissal of two other companion cases, 27 F.Supp. 198, involving the same parties by this court in April, 1939, is res judicata and bars the maintenance of the pending actions. The other ground is that the statute of limitations bars the maintenance of the pending actions.

An understanding of the issues raised by these motions requires a statement of the nature of the pending actions and of the dismissed actions and of the sequence of events which have occurred with reference to each.

The pending actions were brought on February 14, 1938, by Ben Williamson, Jr., as Trustee under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, of Inland Gas and of Kentucky Fuel, respectively, against Columbia, two of its subsidiary corporations and forty-four individuals. The declarations were filed on April 22 and April 28, 1938. Each declaration contained two counts and alleged that Columbia had conspired with the other defendants to restrain and monopolize trade and commerce in natural gas in an area embracing several midwestern states or portions of them. A motion to strike certain portions of the declarations was filed by the defendants on June 9, 1938. On October 5, 1938, the plaintiff, with leave of court, amended the declarations which, pursuant to the new Federal Rules of Civil Procedure, 28 U.S.C.A., became complaints. Under the complaints, as amended, Columbia was named the sole party defendant, but the causes of action remained the same. The defendant's motions to strike were renewed. On August 3, 1939, this court granted the motions in part and denied them in part. Consequently, plaintiff filed on October 25, 1939, the amended complaints which are now be-

fore the court. These amended complaints state substantially the same causes of action as the former complaints, and Columbia is in each case the sole defendant.

In the meantime two further suits had been filed by the plaintiff in this case, Ben Williamson, Jr., as Trustee for Inland and for Kentucky Fuel, against Columbia. They were filed respectively on September 16, 1938, and September 26, 1938, shortly after the coming into effect of the new Federal Rules of Civil Procedure. The complaints charged a violation of Section 7 of the Clayton Act,[3] setting forth substantially the same facts as were set forth in the declarations or complaints in the first actions, and using to a considerable extent the very same language. They alleged that on November 6, 1930, Columbia indirectly acquired, in violation of Section 7 of the Clayton Act, a majority of the outstanding stock of Inland and of Kentucky Fuel, the effect of such acquisition being substantially to lessen competition and to restrain trade, and to create a monopoly in commerce pertaining to the production, transmission and distribution of natural gas.

On November 16, 1938, Columbia filed motions to dismiss the actions which had been filed in September, 1938, on the ground that the cause of action against the defendant did not accrue within a period of three years prior to the commencement of the actions. Attached to the moving papers was a stipulation signed by counsel for both parties to the effect that the right of action sued upon in those actions accrued not later than January 1, 1931; and that if the court, upon hearing the motion, should be of the opinion that the action was barred by any applicable statute of limitations, the motion should be granted. After hearing arguments upon the motions, the District Court dismissed the actions, holding the Delaware three-year statute of limitations to be applicable.[4] This judgment was affirmed by the Third Circuit Court of Appeals,[5] and the Supreme Court denied certiorari.[6]

---

1. 15 U.S.C.A. § 15.

2. 15 U.S.C.A. §§ 1 and 2.

3. 15 U.S.C.A. § 18.

4. 27 F.Supp. 198.

5. 110 F.2d 15.

6. 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407.

Defendant's first contention is that the court's orders dismissing the plaintiff's actions of September, 1938, were final and binding adjudications of those actions; that the same causes of action are asserted in the present actions as in the dismissed actions, and that the present actions are consequently barred as res judicata.

For the purposes of the present discussion it is believed that it is sufficient to state, as a generally correct proposition, that the factual bases of the dismissed actions and of the pending actions are substantially similar. In the dismissed actions the wrongful act was the acquisition of control of the two corporations, Inland and Kentucky Fuel, by the purchase of their securities, the effect of such acquisition being to lessen competition and restrain trade. In the pending actions a conspiracy to restrain trade and to monopolize is charged, the conspiracy being a continuing one. The acquisition of control of Inland and Kentucky Fuel is alleged to be a part of the conspiracy. Many other acts are also alleged to have been subsequently committed by the defendant pursuant to the conspiracy. These subsequent acts were also, for the most part, set forth in the recital of facts in the dismissed complaints. The items of damage claimed in dismissed actions were virtually the same as in the pending actions.

 It is elementary that where a valid and final adjudication is rendered in favor of the defendant in one action, the plaintiff cannot thereafter maintain an action upon the same cause of action.[7] If a suit involves the same parties and the same cause of action as in a suit which has been finally adjudicated, the parties will be bound not only by what was actually litigated and determined, but also by those germane matters which might, with propriety, have been litigated and determined.[8]

The defendant's contention is that the first and second actions in the present instance involved the same cause of action. Plaintiff's position is that there are different causes of action, or alternatively that there was a splitting of plaintiff's cause of action, to which the defendant has impliedly consented.

The first question to determine, therefore, is whether the suits are based on the same cause of action. It has frequently been pointed out that the term "cause of action" may have different meanings for different purposes.[9] In its application to the doctrine of "res judicata" its precise meaning is not altogether clear. In some cases it has been said that the test to be applied to determine identity of causes of action is whether the facts essential to the maintenance of the actions are the same, or whether the same evidence would sustain both.[10] On the other hand, in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S. Ct. 600, 602, 71 L.Ed. 1069, the Supreme Court said: "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong."

 In the present cases, the facts alleged are substantially the same as those that were alleged in the dismissed actions. The damages sought are substantially the same. In addition the right violated and the legal wrong are the same. The right may be described as the right of the two corporations, Inland and Kentucky Fuel, to conduct their businesses free from tortious restraints; the wrong alleged was the invasion of that right by acts which placed an unlawful restraint upon it. I am of the

7. A.L.I. Restatement of Judgments, Sec. 48.

8. Buromin Co. v. National Aluminate Corp., D.C., 70 F.Supp. 214, 217.

9. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 53 S.Ct. 278, 280, 77

L.Ed. 619; Mendez & Co. v. General Motors Corp., 7 Cir., 161 F.2d 695, 696; A.L.I. Restatement of the Law of Judgments, p. 239.

10. Bittner v. West Virginia-Pittsburgh Coal Co., 4 Cir., 15 F.2d 652.

opinion, therefore, that under the generally accepted tests there is identity of causes of action between the pending suits and the dismissed suits.

█ The fact that the grounds of recovery in the actions are different does not by any means preclude the application of the principle of "res judicata." The rule stated in the A.L.I. Restatement of the Law of Judgments, Sec. 63, is that: "Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action, except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting such other ground in the original action."

In United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476, the Supreme Court stated that a plaintiff may not split up his claim "and, a fortiori, he cannot divide the grounds of recovery." In the dismissed actions, the plaintiff sought to recover upon the theory that the facts alleged showed a violation by defendant of a certain section of the Clayton Act, 15 U.S.C.A. § 12 et seq., and damages flowing from that violation. In the pending actions, substantially the same facts are said to have constituted violations of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. The grounds of recovery are different but the cause of action is the same. It is true that in the dismissed actions it is one act of the defendant, namely, acquisition of control of Inland and Kentucky Fuel, which is itself the alleged statutory violation that gives the right of recovery, whereas in the pending actions that act and other additional acts of the defendant, all of which acts are set forth in the dismissed as well as in the pending complaints, are alleged to have constituted the violations of the Sherman Act from which the right of recovery in the pending action stems. But that does not affect my conclusion, for the right violated, the legal wrong done and the transactions complained of are virtually the same. Essentially the plaintiff seems to claim that the dismissed actions solely concerned the wrongful acquisition of stock while the present actions include also the subsequent daily conduct of defendant's agents in wrongfully conspiring and effecting the restraint of trade and the creation of the monopoly. The claimed course of subsequent conduct, however, formed in each case a part of the basis of recovery of damages, though upon a different theory. Every action of the defendant or its agent alleged in the present cases seems to have had its origin and existence in the unlawful acquisition of stock and the question of unlawful acquisition of stock as a violation of the Clayton Act has been finally determined. It would seem, therefore, that the basis of the present cases has been determined, leaving nothing but a claimed course of subsequent conduct based upon a fact adjudicated against the plaintiff.

The conclusion reached here is amply sustained by the decision of the Court of Appeals for the Seventh Circuit in Mendez & Co. v. General Motors Corporation, 161 F.2d 695, 698. There the plaintiff brought its first action to recover damages for defendant's violation of the Sherman Act. The allegation was that defendant had unlawfully cancelled plaintiff's dealer franchise agreement. The action was tried and verdict rendered for the defendant and judgment entered thereon. In a second action plaintiff sought to recover from defendant upon substantially the same facts, alleging a violation of the Clayton Act. It was held that the matter was res judicata and that the second action was barred by the adjudication of the first. The court was of the opinion that the cause of action in the two suits were identical, and said in that connection:

"* * * We are dealing with a civil suit in which the private right of plaintiff has been, as it says, unlawfully taken from it. It has one right and one only; the right to enjoy its contract. It complains of one wrongful act, namely, deprivation of that right. Its action is not for recovery under the Sherman Act or for recovery under the Clayton Act but for recovery for the wrongful cancellation of its property right. The gist of its action is its injury

arising from alleged wrongful deprivation of its contract right.

"Whether the cancellation was caused by any one or more allegedly illegal acts is a question which must be litigated and determined fully in one suit and not in separate suits. * * *"

Plaintiff relies, on this phase of the case, largely upon United Shoe Machinery Corp. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708, which was the case also relied upon by the plaintiff in the Mendez case. In that case the government brought suit under the Clayton Act to enjoin the use of restrictive covenants in leases of machinery. The defendant contended that the action was barred by the adjudication of a prior suit, in which the government had sought to have the United Shoe Machinery Corporation dissolved under the Sherman Act and in which the restrictive clauses were attacked as being in themselves in violation of the Sherman Act. The Supreme Court held that the Clayton Act and Sherman Act provided different tests of liability; that under the Sherman Act contracts were prohibited which unduly restrained interstate commerce, whereas under the Clayton Act contracts were prohibited the effect of which "may" be substantially to lessen competition; and that the causes of action were not the same. In the Mendez case United Shoe Machinery Corp. v. United States was, however, held to be inapplicable, because it was the government which there sought to correct violations of the anti-trust laws, whereas in the Mendez case suit was brought upon a private right of action arising from an alleged wrongful invasion of that right. That distinction is in my opinion a valid one and is equally applicable to the present cases. I therefore conclude that the United Shoe Machinery Corp. case is not controlling here. Other cases cited by the defendant in this connection do not seem to be conclusive as they deal principally with questions of procedure or pleading. As

has been observed, the meaning of the term "cause of action" is not necessarily the same when applied to situations other than those presenting the question of whether a matter is "res judicata."

The present actions are different from the Mendez case in one particular which will be now touched on. The pending actions were instituted before the dismissed actions. In the Mendez case the action before the court had been brought after the adjudication of the case which was pleaded in bar of that action. It is, however, well established that the order in which the suits are brought makes no difference to the application of the principle of estoppel by judgment. It is the first judgment which is rendered upon the cause of action which constitutes the bar to the maintenance of the other action upon the same cause of action.[11]

It is appropriate in this connection to consider the plaintiff's contention that the defendant has consented to a splitting of the cause of action, and that defendant cannot therefore properly object to the maintenance of the present actions. It may be conceded that, generally speaking, where a defendant has consented to a splitting of plaintiff's cause of action, the judgment in one action is not a bar to the maintenance of the other action.[12] I am of the opinion that this is not a case in which there has been a splitting of the cause of action. The whole cause of action has, as far as is discernible from the pleadings in the actions, been presented in the pending and in the dismissed actions alike. There has been, to use substantially the language of Justice Holmes in United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476, a division of the grounds of recovery, but not a splitting of the cause of action. The plaintiff did not seek to recover a part of his claim or of his damages in the second actions. In instituting his second actions, he sought to recover substantially the same

11. Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; In re Putnam, 2 Cir., 55 F.2d 73, certiorari denied Putnam v. Christie, 286 U.S. 558, 52 S.Ct. 641, 76 L.Ed. 1292.

12. See A.L.I. Restatement of the Law of Judgments, Sec. 62.

damages upon the basis of substantially all the same facts, but upon a different ground of recovery from that asserted in the first actions. The question as to whether there has been a splitting of the cause of action may be considered in the light of the situation if the dismissed actions had had a different result. If, instead of being dismissed, the actions that were thus disposed of had resulted in full recovery by the plaintiff, it would seem that disposition would have been made of all causes of action herein discussed. I am of the opinion, therefore, that there was no splitting of the cause of action, and that consequently it is not necessary to decide whether the defendant may properly be said to have consented to any such splitting.

The plaintiff places much emphasis upon the fact that the determination of the court in the dismissed actions was based in part upon the stipulation of the parties as to the date when the right of action accrued. The plaintiff argues, in effect, that only a narrow question was presented to the court in the dismissed actions, namely, whether the Delaware statute of limitations applied to the actions in view of the fact that they were brought after the new Federal Rules of Civil Procedure had come into effect, and it contends that the determination of that question, which in view of the facts stipulated led to a dismissal of the actions, cannot be considered a final adjudication of the actions upon the merits.

The general rule is that where judgment is given for a defendant upon the ground that the action is barred by the statute of lmitations, the plaintiff is precluded from thereafter maintaining an action upon the same claim in that jurisdiction.[13] For the purpose of considering the applicability of the principle of res judicata, the dismissal of the action by reason of its being barred by the statute of limitations is an adjudication upon the merits.[14] I do not think that the fact that the parties entered into a stipulation in the dismissed actions as to the date of the

accrual of the right of action can make any difference in the applicability of these general rules. It is not suggested that the stipulation was at variance with the facts or that a moot or constructed case was presented to Judge Nields; on the contrary, the allegations of the complaints show that the stipulation has a substantial basis in fact, as far as the facts can be ascertained from the allegations. It cannot reasonably be said that the prior adjudication was an adjudication of a hypothetical case. In his opinion reported in 27 F.Supp. 198, Judge Nields set out not only the stipulation of the parties, but also a detailed statement of the allegations of the complaints. This indicates that the court had clearly before it not only the facts stipulated by the parties, but the facts alleged in the complaints. Under these circumstances, there seems to be no sound reason for departing from the general rule stated above.

I conclude, therefore, that the pending actions are barred by the adjudication of the dismissed actions and that defendant's motion must be granted. In view of this conclusion there is no occasion to pass upon the question raised by the second ground of the defendant's motion for summary judgment.

An order in accordance with this opinion may be submitted.

---

13. Liken v. Shaffer, 8 Cir., 141 F.2d 877; 2 Freeman on Judgments (5th Ed.), Sec. 726; A.L.I. Restatement of the Law of Judgments, Sec. 49, comment a.

14. See authorities cited in preceding footnote and Angel v. Bullington, 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832.