92 A.2d 295 (1952)
KAUFMAN
v.
SHOENBERG et al.
Court of Chancery of Delaware, New Castle.
November 13, 1952.
Stanley L. Kaufman (of Kaufman, Imberman & Taylor) and Joshua Peterfreund, New York City, and William Marvel (of Morford, Bennethum, Marvel & Cooch), Wilmington, for plaintiff.
Albert R. Connelly and Edward C. Perkins (of Cravath, Swaine & Moore), New York City, and Caleb S. Layton and Henry M. Canby (of Richards, Layton & Finger), Wilmington, for defendants.
SEITZ, Chancellor.
Plaintiff seeks an attorney's fee for services rendered in connection with the so-called Eleventh cause of action.
I ruled that since the Corporation complied with the demand made in connection with the Eleventh cause of action within a reasonable time thereafter, the Eleventh cause should be dismissed. See Kaufman v. Shoenberg, Del.Ch., 91 A.2d 786. The question therefore is whether, as a matter of law, a stockholder is entitled to his reasonable investigation fees if his demand produces some real benefit to the Corporation without the necessity for litigation. I conclude that he is so entitled if he is able to substantiate his contention factually. I reach this conclusion because I believe substantially the same benefit accrues to the Corporation whether it be as the result of the demand or of successful litigation. To grant a fee based upon ligitimate investigation expenses in connection with a successful demand is to discourage litigation and yet encourage stockholder vigilance without unduly prejudicing the general corporate welfare. See 60 Harvard Law Review 835.
I leave it to the parties to decide whether or not they desire a hearing on plaintiff's right to, and the amount of such investigation fees. The parties may also comment on whether the fee, if any, is properly within the scope of this litigation or whether it should be brought as a separate action.
Order on notice.