R. Lisbeth F. KAUFMAN, on behalf of herself and all other stockholders of C.I.T. Financial Corporation, similarly situated, Plaintiff,

v.

Sydney M. SHOENBERG, Melbourne Bergerman, Robert Lehman, Phillip W. Haberman, Leo H. Spanyol, George H. Zimmerman, Fred W. Hautau, Henry Ittleson, Jr., Arthur O. Dietz, Fred Meissner, John M. Schiff, Edwin C. Vogel, C.I.T. Financial Corporation, Ernest Kanzler, Thomas May, Johnfritz Achelis, Hugh B. Baker, Ellis H. Carson, Jarvis Cromwell, Stanley B. Ecker, Morton J. May, Claude L. Hemphill, George R. Urquhart, Charles S. McCain, George E. Warren, Defendants.

Civ. A. No. 1413.

United States District Court
D. Delaware.
Feb. 15, 1954.

William Marvel (of Morford, Bennethum & Marvel), Wilmington, Del., and Stanley L. Kaufman (of Kaufman, Imberman & Taylor), New York City, for plaintiff.

Henry M. Canby and Caleb S. Layton (of Richards, Layton & Finger), Wilmington, Del., Albert R. Connelly and Edward C. Perkins (of Cravath, Swaine & Moore), New York City, for defendant C. I. T. Financial Corp.

RODNEY, District Judge.

Plaintiff as a stockholder of the corporate defendant filed her complaint in this action and a complaint in the Court of Chancery of the State of Delaware on the same day, viz., November 6, 1951. The Chancery complaint as amended consisted of eleven causes of action whereas the complaint in this case is composed of two causes of action. However, in both proceedings the crux of her charges was that a proxy statement submitted by defendant to its stockholders concerning a proposed Restricted Stock Option Plan for Key Employees contained false and misleading statements of a material nature, and was false and misleading because of material omissions. These charges constitute the first cause of action herein. The second cause of action concerns an allegation of excessive and inflationary compensation under the Defense Production Act of 1950. The principal features of the Plan and the general contents of the proxy statement are set out in the Chancellor's opinion in the case of Kaufman v. Shoenberg, 33 Del. Ch. 282, 91 A.2d 786.

C. I. T. Financial Corporation has moved for summary judgment under Fed.Rules Civ.Proc. Rule 56(b), 28 U.S. C., it being the only defendant served with process or appearing in this action.

The individual defendants are the directors of C. I. T. The basis of the motion is that the issues in this case are res judicata, by reason of the decree of the Delaware Chancellor pursuant to his opinion in the aforementioned case.[1] A supporting affidavit and the pleadings in the Chancery suit, together with the opinion and decree of the Chancellor, were appended to the motion.

Plaintiff has filed an opposing affidavit in which she contends that different issues are raised here from those presented in the Chancery Court case in that this action is bottomed on alleged violations of the Securities Exchange Act of 1934,[2] and the Defense Production Act of 1950 [3] and rules and regulations promulgated under both statutes. Specifically, in her first cause of action plaintiff alleges violations of certain sections of S. E. C. Regulation X–14 which governs the solicitation of proxies. On the other hand, plaintiff contends the Chancery suit was based solely on alleged violations of pertinent statutes and common law of Delaware.

It was plaintiff's contention in the Chancery suit, as it is her contention here, that because of the alleged misrepresentations and omissions the Stock Option Plan was approved and put into effect. In each suit she sought to have the carrying out of the Plan enjoined and to have declared void any options or stock so far issued pursuant to the Plan. The Chancellor denied the prayed-for relief and from his decree no appeal was taken.

Plaintiff insists that decision merely established that defendant's proxy statement made sufficient disclosure to the stockholders to comply with the standards prescribed by the statutes and common law of Delaware. Plaintiff further insists, however, that the standards of disclosure imposed by rules and regulations promulgated pursuant to the Se-

---

1. In that case also, C.I.T. was the only defendant served with process and appearing.

2. 15 U.S.C.A. Ch. 2B.

3. 50 U.S.C.A.Appendix, §§ 2061–2166.

curities Exchange Act, supra, are much more stringent than those required by the Delaware laws and that the state court decision was not determinative of the question whether these stricter requirements of disclosure had been satisfied.

The point was made in plaintiff's brief and was reiterated on oral argument that she intentionally refrained from including in the Chancery Court complaint any charges of violations of the Securities Exchange Act on the ground that the Chancellor did not have, or would have declined to exercise, jurisdiction over such violations, and in support thereof cited his opinion in Investment Associates v. Standard Power & Light Corp., 29 Del.Ch. 225, 48 A.2d 501.

Defendant's position may be stated to be that the standard of disclosure applied to proxy statements is not more stringent under the Securities Exchange Act than under the Delaware law; that the misrepresentations and omissions identically alleged in both the Chancery suit and herein would, if sustained, constitute fraud and that the Chancellor expressly found no fraud had been perpetrated on the stockholders, and that this finding is conclusive against the plaintiff and therefore bars her from maintaining this action.

It is defendant's theory that plaintiff is not here claiming violations of any technical or administrative proxy rules established by the S. E. C. pursuant to the Act. Such are the types of violations, says defendant, referred to by the Chancellor in Investment Associates, Inc., v. Standard Power & Light Corp., supra, wherein he recognized that the Federal Courts possess exclusive jurisdiction of violations of the Act or the rules and regulations thereunder. Defendant points out, however, that in that very case the Chancellor recognized that some acts which might constitute violations of the Securities Exchange Act might very well, at the same time, constitute wrongs independently cognizable

by a Court of Equity and for which the court would grant a remedy even if the Act had never been passed. It is defendant's position, as stated in its brief, that in this case "The alleged fraud claimed to be violative of the S. E. C. proxy rules is a wrong independently cognizable by a court and Chancellor Seitz recognized and applied the distinction in adjudicating in the Chancery Court action all of such claims asserted by plaintiff in respect of defendant's proxy statement."

Defendant's motion thus presents for determination the question whether there is sufficient identity between plaintiff's first cause of action in the present case and her cause of action alleging material misrepresentations and omissions in her Chancery suit to warrant the application of the rule of res judicata. The motion presents for determination the same question with respect to the second cause of action and it will be resolved separately.

Numerous criteria have been used in establishing this requisite identity. Among them have been whether the allegations of the pleadings are substantially the same, whether the facts essential to maintenance of the two actions are the same, whether the judgment sought will be inconsistent with the prior judgment, and the test most commonly stated, viz., whether the same evidence which is necessary to sustain the second action would have been sufficient to authorize a recovery in the first.[4] Applying these recognized tests to the present controversy, it would seem helpful to form a comparison between the first cause of action in this case and the allegations of misrepresentation and omission in the Chancery suit.

An examination of the two complaints reveals that the same affirmative allegations of misrepresentation and omission are included verbatim in the present case as were made in the state court action. These allegations in both suits are directed toward the same proxy statement which was submitted by de-

---

4. See 50 C.J.S. Judgments § 648, pp. 88–89. See also 30 Am.Jur., Judgments, sec. 174.

fendant to its stockholders in June, 1951. Clearly, the judgment sought in this action, which is identical with that sought in the Chancery suit, is inconsistent with the final adjudication of the Chancellor. It is also clear to me that the evidence necessary to enable plaintiff to prevail herein would have been sufficient to authorize a recovery by her in the state court.

While it is evident the Chancellor was not explicitly concerned with violations of S. E. C. rules and regulations, it is, nonetheless, manifest that the gist of the two actions is the same. Plaintiff claims in this suit, as she did in her Chancery suit, that her legal right to have full and complete disclosure made by the defendant regarding its stock option plan has been violated by defendant's legally defective proxy statement. In essence her claim is one of fraud. On the same facts the Chancellor's decree dismissing plaintiff's suit established that no fraud had been committed by defendant.

I am therefore of the opinion that plaintiff has had the issue of fraudulent misrepresentations and omissions conclusively determined against her and that, based on the identities between the two suits as stated above, the principles of res judicata bar the maintenance of her first cause of action herein.

The plaintiff contends that since her ground of recovery, viz., a violation of the standards of disclosure required by the Securities Exchange Act, is different from a ground of recovery based upon a violation of the requirements under the laws of the State of Delaware, therefore the determination of the latter question cannot be determinative of the former under res judicata.

On this point the holding of this court in Williamson v. Columbia Gas & Elec. Corp.[5] has pertinency. In that case a former adjudication had determined a claimed right of action growing out of violation of the Clayton Act, 15 U.S.C.A. § 12 et seq. In the latter and cited case the same facts were relied upon as a right of action growing out of a violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. It was held that the grounds of recovery were different but that the cause of action, viz., the legal wrong done by the impact of the same facts upon the right of the same plaintiff, was the same in the two cases and that res judicata applied.

All that has been heretofore said as to the first cause of action has equal application to plaintiff's second alleged cause of action if it is determined that the issues therein raised were passed upon by the Chancellor.

■ The state court complaint did not contain any charges of violations of the Defense Production Act of 1950 or of the requirements of the Salary Stabilization Board promulgated thereunder *eo nomine*. In two separate causes of action it was alleged that the Stock Option Plan provided for excessive, unreasonable and inflationary compensation to said employees contrary to the laws of the State of Delaware. However, paragraph (d) of the Pre-Trial Order in that suit was couched in these words:

"That the alleged violations of law claimed under paragraph 5 of the Fourth Cause of Action and under paragraph 2 of the Sixth Cause of Action are (1) that said Plan is allegedly in violation of Section 2105(b) of the Defense Production Act of 1950 (U.S.C. Title 50 Appendix, Sections 2061–2166) and, in consequence thereof, of the public policy of the State of Delaware; and (ii) that said plan provides for excessive compensation to recipients of options and therefore is in violation of the law of the State of Delaware."

Plaintiff characterizes the quoted paragraph as raising the question of violation of the Salary Stabilization Regulations under the Defense Production Act only inferentially as a possible violation of the law and public policy of Dela-

5.  D.C., 91 F.Supp. 874; Id., 3 Cir., 186 F.2d 464, certiorari denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355.

ware. As she insisted that the Chancellor was not empowered to determine violations of rules and regulations under the Securities Exchange Act, so does she argue with equal vigor as to his lack of jurisdiction of violations of the Salary Stabilization Regulations. Hence her position is that the compensation issue as raised herein was not, and could not have been, before the Chancellor.

Defendant reiterates its contentions made with respect to plaintiff's charges of fraudulent misrepresentations and omissions in that the Chancellor did have the question of excessive and inflationary compensation before him, and by virtue of the quoted paragraph of the pre-trial order, the issue was identical with the compensation issue raised in this action. Defendant also claims, as it did under the first cause of action, that plaintiff's attempt to bottom her allegations upon a different theory of recovery is unavailing.

Again, I agree with the defendant. I think the result is inescapable, when viewed in the light of the quoted paragraph (d) of the pre-trial order, that the Chancellor was called upon to employ the same scales or measuring stick in determining the question of excessive or inflationary compensation as plaintiff presses upon this court to employ. The particularization of the issues as framed by said paragraph impels me to the conclusion that the exact identity existing between the second cause of action and her like contentions in the state court prevents the maintenance here of the second cause of action.

Plaintiff points out that nowhere in the opinion does the Chancellor mention the question of excessive compensation. She claims this omission on his part indicates that he did not pass on this segment of her complaint. I think the answer to her contention is to be found in one of the concluding paragraphs of the Chancellor's opinion wherein he stated [33 Del.Ch. 282, 91 A.2d

796]: "Plaintiff has raised many other points concerning the Plan. I have considered them and conclude that they are without merit." It has been held that a decree on the merits is conclusive upon all the issues joined by the pleadings, and its effect as a prior adjudication is not changed by the fact that one of such issues was not discussed in the opinion of the court.[6]

Summary judgment will be granted on both causes of action in favor of the defendant upon the filing of an appropriate order.

6. Manhattan Trust Co. v. Trust Co. of North America, 8 Cir., 107 F. 328, certiorari denied 181 U.S. 622, 21 S.Ct. 925, 45 L.Ed. 1032.