210 A.2d 569 (1965)
Ruth MINTZ, Plaintiff,
v.
Fred BOHEN et al., Defendants.
Court of Chancery of Delaware, New Castle.
April 23, 1965.
*570 Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, and Milton Paulson, New York City, for plaintiff.
George T. Coulson, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.
SEITZ, Chancellor.
Plaintiff filed an action against Allis-Chalmers and its directors. It was derivative, at least, in part. It sought damages for past payments by the Company for premiums on individual insurance policies under a corporate retirement income plan. It also sought an injunction against future payments. The complaint, by amendment, alleged that a demand on the board of directors to take appropriate action would have been futile. Service of process was made only on the corporate defendant, which will be referred to as "defendant".
After the filing of the complaint the defendant changed the allegedly objectionable method of handling its retirement plan. The parties disagree as to whether there was a "connection" between the two events. However, plaintiff agreed to a dismissal of the action with prejudice to plaintiff only; with jurisdiction reserved to pass upon plaintiff's right to seek counsel fees. An order to that effect was entered. Plaintiff's attorney says that his client agreed to the dismissal because the substance of the complaint was satisfied when the defendant discontinued its allegedly objectionable practice and because she felt that the chances of recovery on the damage claim were slim.
Subsequently, plaintiff filed a motion for the allowance of counsel fees, presumably to be paid by the corporation, since it is the only defendant in court. The defendant then filed a motion to dismiss the motion. The parties filed additional papers and this may be treated as the decision on the defendant's motion for summary judgment.
As the court construes its argument, the defendant contends that the petition for allowances should be dismissed because the original complaint was defective as a matter of law. The defendant says that the action was primarily derivative. Thus, it argues that a demand on the board of directors was a required condition precedent to the filing of the complaint. Of necessity, it is saying that an allegation concerning the futility of demand was legally insufficient. In resolving this matter, I shall assume without deciding that only a so-called derivative or secondary action was involved, even though injunctive relief was also requested.
Preliminarily, I conclude that, at least in a derivative action, the plaintiff may not be deprived of counsel fees by action taken by one or more of the defendants which has the effect of curing the alleged wrong to the corporation's benefit and rendering the controversy moot, unless it be demonstrated that the curing of the defect is in nowise related to the lawsuit and the lawsuit would not have succeeded in any event. I so held in a letter opinion filed in 1949 in Rosenthal v. Burry Biscuit Corporation and Martin v. Burry Biscuit Corporation. Because of the continuing interest in that opinion, I am formalizing it and causing it to be published. See (Del.Ch.), 209 A.2d 459. I now turn to the pending action.
At the outset, defendant concedes that to the extent the complaint sought damages it was derivative. However, defendant says that the court should look to other developments revealed by the papers. Defendant contends that they reveal that the monetary aspect of the claim was really a makeweight and that the real relief sought was injunctive. Thus, defendant's counsel says that the monetary claim should be ignored *571 and the action evaluated as though it sought only injunctive relief. It contends that in such a case a demand on the board was required. Thus, defendant is saying, in effect, that the allegation of "futility" was legally insufficient under the circumstances.
It is not particularly profitable to discuss, as defendant does, whether the monetary and injunctive prayers for relief created two different claims for relief. However viewed, a complaint was presented which this court cannot say on this record was without legal merit. Moreover, on the facts now before me, I cannot say that the monetary claim should be ignored. And of vital importance, I cannot determine on this record that plaintiff's allegation of futility was legally insufficient and that a demand on the board was required. I therefore conclude that, regardless of the ultimate result, the defendant's motion is at least premature. The facts now in the record are both insufficient and in conflict insofar as they are relevant to the issues I must ultimately decide.
Defendant's claim that, in any event, plaintiff's motion for counsel fees is defective because it does not show her reasonable investigation fees. Defendant is saying in effect that since a demand to change the plan might have produced the desired result, the plaintiff, in any event, would be limited to her "reasonable investigation fees" and not those allowed in the ordinary derivative action. See Kaufman v. Schoenberg, 33 Del.Ch. 282, 92 A.2d 295.
I conclude that defendant, once again, is prematurely seeking a judgment of the merits of various allegations in plaintiff's complaint. Before this court can determine what fees, if any, plaintiff is entitled to recover, it must resolve, inter alia, the issues I have mentioned above. I cannot now rule that a demand was required. The decision on this and other issues must await the development of the facts. This court cannot therefore require plaintiff to proceed with her fee application as though her complaint presented a situation in which recovery must be confined to reasonable investigation fees.
Defendant's motion for summary judgment will be denied and the parties may engage in appropriate discovery.
Present order on notice.