ERWIN H. EZZES,
Appellant,

*vs.*

PAUL C. ACKERMAN et al.,
Appellees.

*Supreme Court, On Appeal, September 19, 1967.*

*William E. Taylor, Jr.,* Wilmington, and *Norman Anneberg,* New York City, for appellant.

*Edmund N. Carpenter, II,* of Richards, Layton & Finger, Wilmington, for Chrysler Corporation.

*Richard F. Corroon,* of Potter, Anderson & Corroon, Wilmington, for appearing individual defendants, appellees.

WOLCOTT, Chief Justice, CAREY, Justice, and WRIGHT, Judge, sitting.

WOLCOTT, Chief Justice: These consolidated appeals are from two orders of the Court of Chancery. One denied plaintiff's motion to stay further proceedings in this cause to permit the trial to go forward in a companion action brought by this plaintiff in the Federal District Court of Delaware. The second granted defendants' motion for judgment on the ground that the action was barred by reason of *res judicata.* The two appeals were filed separately but were consolidated for the purpose of decision.

This is a derivative action brought against Chrysler Corporation and certain of its officers and directors. In essence, it is charged that commencing in December, 1963, the individual defendants illegally sold shares of Chrysler stock received under stock options granted to

them and, as a result of such sales, made large profits which the plaintiff derivatively seeks to recover for the benefit of Chrysler.

The plaintiff charges that on April 17, 1962 Chrysler stockholders approved extending a then-existing Stock Option Plan, previously approved by stockholders, until April 30, 1967. The then-existing Stock Option Plan required persons exercising options under it to agree to hold the shares for investment and not for distribution.

On January 10, 1963, Chrysler directors voted to delete the provision of the Stock Option Plan requiring the recipients to hold the Chrysler shares for investment. The deletion of this provision in the Plan was not submitted to the stockholders for their approval. However, the Plan, itself, permitted amendment of it by director action only.

The theory of the plaintiff is that a wrong was committed against the Corporation not when the individual defendants exercised the options granted to them, but when they sold the shares received by the exercise of the option in violation of the limitation eliminated by the director action of January 10, 1963. This is on the theory that only the stockholders may legally amend the Plan.

The defendants interposed the defense of *res judicata* based upon the so-called *Dann-Gallo-Chrysler* litigation which ultimately was settled and the settlement approved by the Court of Chancery and, on appeal, by this Court. *Dann v. Chrysler,* 41 *Del.Ch.* 438, 198 *A.2d* 185, aff'd *Hoffman v. Dann, Del.,* 205 *A.2d* 343, *cert. denied* 380 *U.S.* 973, 85 *S.Ct.* 1332, 14 *L.Ed.2d* 269. This plaintiff, Ezzes, an objector to the settlement, appealed and actively participated in opposing the settlement.

In the course of opposing the settlement he advanced many arguments and reasons why the settlement should be disapproved, all of which were rejected.

The defendants at bar maintain that the issues presented by the complaint in the instant action were actually decided adversely to the plaintiff's claim, or could have been decided adversely to the plaintiff's claim, in the course of the settlement proceedings.

■ There can be no doubt but that in a stockholder's derivative suit a judgment entered either after trial on the merits or upon an approved settlement is *res judicata* and bars subsequent suit on the same claim in behalf of the Corporation. *Williamson v. Columbia Gas & Oil Co.*, D. C., 91 *F.Supp.* 874, aff'd 186 *F.2d* 464, *cert. denied* 341 *U.S.* 921, 71 *S.Ct.* 743, 95 *L.Ed.* 1355; *Auerbach v. Cities Service Co.*, 36 *Del.Ch.* 554, 134 *A.2d* 846.

■ While the plaintiff argues to the contrary, we are of the opinion that the defense of *res judicata* is no longer confined to a second attempt to re-assert the same "cause of action" asserted in the first suit, but is available if the pleadings framing the issues in the first action would have permitted the raising of the issue sought to be raised in the second action, and if the facts were known, or could have been known to the plaintiff in the second action at the time of the first action. *Auerbach v. Cities Service Co., supra.*

■ The question before us, therefore, is simply whether or not the cause of action now sought to be asserted was fairly embraced within the issues framed in the *Dann-Gallo* litigation, and whether or not the facts which would support the plaintiff's charges were then known to the plaintiff.

The complaints filed in the *Dann* and *Gallo* actions charged that all option shares issued under the Chrysler Stock Option Plan were illegal and provided a means for the optionees to derive unjust enrichment and unlawful profits. The broad sweep of the allegations with respect to stock options in the former litigation indicate that the plaintiffs intended in those actions to scrutinize Chrysler's Stock Option in every detail. As a matter of fact, this was largely done.

In effect, that is what the present plaintiff seeks to do with respect to options issued after the director action of January 10, 1963 eliminated the provision requiring the retention of shares for investment. Furthermore, following the presentation of the settlement of the former litigation, the Chancellor permitted any objector unlimited discovery and permission to broaden the precise issues formulated by the pleadings and the settlement, itself, and, in effect, to raise new issues.

As a matter of fact, the plaintiff, Ezzes, through his present counsel, did precisely this. He raised issues in opposition to the

settlement outside the precise scope of the issues framed by the plead-ings. The subsequent opinions of the Chancellor and of this Court dealt with those issues raised by Ezzes as though they had been pleaded and the contentions of Ezzes were uniformly rejected.

It is thus apparent that at the hearings on the settlement Ezzes was at liberty to present the precise issues of fact he seeks to present in the current action. The question, therefore, becomes whether or not he knew of the facts which he now seeks to present.

We are of the opinion that he in fact did know. This appears from a letter of Ezzes' counsel to the Chancellor of December 19, 1963 complaining of the "personal financial killing" made by the individual defendants in this cause as a result of the sale of stock received as a result of options. Furthermore, Ezzes knew of the director action of January 10, 1963 eliminating the investment requirement by reason of the fact that the director action in this respect was fully set forth in the notice to stockholders preceding a proxy solicitation. The proxy statement sent to stockholders as of March 4, 1963 specifically set out that the Board of Directors had deleted the investment requirement from the Stock Option Plan.

Ezzes thus had an opportunity to present his current claim at the settlement hearing of which he had knowledge. Nevertheless, while he notified the Chancellor in December, 1963 of the existence of this possible claim, he never thereafter pressed it before any court. He must, therefore, be assumed to have abandoned it for reasons unknown to us, one of which might very well be the very weakness of the asserted claim.

We are therefore of the opinion that the defense of *res judicata,* is available to the defendants in the current action and is a complete bar to it.

While both Ezzes and the defendants have, in addition, argued this matter before us upon its merits, we have not considered the merits for the reason that the decision below was based solely upon the defense of *res judicata.*

Ezzes also complains of the denial by the Court of Chancery of his motion for a stay. Obviously, our conclusion with respect to the main point in this appeal probably makes the appeal from the

denial of a stay moot. Nevertheless, since the grant or denial of a stay is solely within the discretion of the trial court, and since such a denial may be reversed solely for abuse of discretion, we point out that we see nothing in this record to justify a conclusion that the court abused its discretion in denying the stay.

For the foregoing reasons, the judgment below is affirmed.