Vincent P. BRADY, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., a corporation of the State of Delaware, and the International Association of Machinists and Aerospace Workers, an unincorporated association, Defendants.

Superior Court of Delaware,
New Castle.

Jan. 26, 1971.

John Biggs, III, of Biggs & Battaglia, Wilmington, and Frank L. White, Jr., of Duane, Morris & Heckscher, King of Prussia, Pa., for plaintiff.

Charles F. Richards, Jr., of Richards, Layton & Finger, Wilmington, for defendant, Trans World Airlines (of counsel: Harold L. Warner, of Chadbourne, Parke, Whiteside & Wolff, New York City).

Bruce M. Stargatt, and Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant, International Ass'n of Machinists and Aerospace Workers (of counsel: Edward J. Hickey, Jr., of Mulholland, Hickey & Lynam, Washington, D.C.).

## OPINION

STOREY, Judge.

This is an action by plaintiff employee originally instituted in the Court of Chancery some thirteen years ago against defendant employer and defendant union, whereby plaintiff seeks reinstatement for wrongful discharge, back pay, restoration of lost benefits, punitive damages and attorney fees. Prior to commencement of the action in the Court of Chancery, plaintiff instituted an action in the United States District Court against the same defendants, seeking essentially the same relief based upon nearly identical factual allegations. In response to a defense motion to dismiss the federal court action for lack of federal jurisdiction over the subject matter, plaintiff was permitted to amend his complaint to include a second cause of action for identical relief, alleging that defendant's conduct also violated 45 U.S.C., Title II, Secs. 201 and 204 and Title I, Sec. 3 of the Railway Labor Act. The complaint, as amended, withstood defense motion and the action in the Court

of Chancery was stayed by stipulation of the parties to allow litigation in federal court to proceed. The subsequent years of contesting of the matters raised in plaintiff's federal court complaint ultimately resulted in a finding that plaintiff had been wrongfully discharged in violation of the applicable provisions of the Railway Labor Act. Since it found plaintiff entitled to relief on this ground, the federal court apparently saw no necessity to render a decision on the common law ground for relief initially asserted by plaintiff. Plaintiff was thereafter awarded all relief sought, except for attorney fees and punitive damages. After conclusion of the federal court litigation, plaintiff reactivated the common law action in the Court of Chancery, seeking to recover punitive damages and attorney fees. Since the equitable relief originally sought by plaintiff had been granted in federal court, the case was transferred to this Court pursuant to 10 Del.Code, Sec. 1901. Defendants have moved to dismiss the complaint on the ground of res judicata. Plaintiff argues that its common law cause of action for wrongful discharge (against the employer) and malicious interference with an employment relation (against the union) were never litigated in federal court and that thus, res judicata does not prevent their being pursued here.

The issue in this case is whether suit on a common law cause of action between two parties in state court is barred, where the same common law cause of action was asserted along with a federal cause of action in a federal court suit between the same parties and where partial relief in the federal suit was granted on the federal cause of action but not on the common law cause of action.

As stated in Epstein v. Chatham Park, Inc., 2 Storey 56, 153 A.2d 180, 184 (Del. Super.1959):

"The doctrine of *res judicata* * * * is that a final judgment upon the merits rendered by a court of competent jurisdiction may, in the absence of fraud or collusion, be raised as an absolute bar to the maintenance of a second suit in a different court upon the same matter by the same party, or his privies. (Citations omitted.) Nor, as a matter of fact, need the second suit be upon the identical cause of action for the prior judgment to act as a bar, for it suffices if the prior judgment has determined issues of fact raised by the pleadings essential to the maintenance of the second action, even though in form the second action differs from the first. (Citations omitted)."

Not only are the facts alleged in the complaint in this action nearly identical to those alleged in the initial complaint in the federal court action, it is clear that these facts were construed in the federal court to allege common law causes of action. Brady v. Trans World Airlines, Inc., 196 F.Supp. 504 (D.Del.1961). Plaintiff relies upon a previous opinion in this case by the federal district court in which that court, in denying a jury trial, held that punitive damages could not be awarded on the common law cause of action since they were not authorized by the Railway Labor Act and since that act had pre-empted this aspect of regulation of discharges under union security agreements. See Brady v. Trans World Airlines, Inc., 196 F.Supp. 504 (D.Del.1961). Citing this conclusion, and further relying heavily upon the fact that the district court did not deem it necessary to render a decision on plaintiff's common law ground for relief, plaintiff asserts that his common law cause of action for punitive damages and attorney fees was never litigated. Without deciding whether this cause of action was litigated in the federal courts, it is clear that plaintiff's contention must fail. As stated in Ezzes v. Ackerman, 234 A.2d 444, 445, 446 (Del. Supr.1967):

"While the plaintiff argues to the contrary we are of the opinion that the defense of *res judicata* is no longer confined to a second attempt to re-assert the same 'cause of action' asserted in the first suit, but is available if the plead-

ings framing the issues in the first action *would have permitted* the raising of the issue sought to be raised in the second action * * *." (Emphasis added.)

Certainly the pleadings before the federal court not only "permitted" the raising of the common law issues, but in fact did raise them. This being the case, further litigation on these issues is barred. No claim is made that the federal court lacked jurisdiction to grant relief on the common law cause of action (thus not permitting the common law issues to be raised). Indeed, the contrary would appear to be the case. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). Plaintiff reads too much into the district court's holding on the punitive damages aspect in its ruling denying a jury trial. Even if this opinion could be read to indicate that the federal court's jurisdiction over the common law cause of action was entirely pre-empted, this issue could and should have been contested in the federal suit. It was not raised by either party.

In short, the identical matters alleged in this action were alleged in the federal court action and if not actually litigated there, certainly could have been.

Defendant's motion to dismiss is granted.

It is so ordered.