NEW CASTLE COUNTY, Red Lion Community Association, a Delaware Corporation, and Glenn B. Pusey, Plaintiffs below, Appellants,

v.

STERLING PROPERTIES, INC., a Delaware Corporation, and Richard M. Bauer, as Director of the Department of Planning of New Castle County, Defendants below, Appellees.

Supreme Court of Delaware.

Submitted June 15, 1977.

Decided Oct. 19, 1977.

favor of the defendant, Sterling Properties, Inc. ("Sterling"). The plaintiffs are New Castle County, Glenn B. Pusey, and other private citizens constituting the Red Lion Community Association. In this action, the plaintiffs seek to litigate, on the ground of improper zoning, the legality of action taken by the Department of Planning of New Castle County in approving a subdivision plan of "Red Lion Village" to be developed by Sterling as a mobile home park. Sterling's motion for summary judgment was based upon the doctrine of *res judicata* and the contention that this action is barred by a prior Superior Court adjudication in a mandamus action brought by Sterling against the president and members of the New Castle County Council. The Court of Chancery agreed and this appeal followed.

Walter P. McEvilly, Jr. of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs below, appellants.

James M. Tunnell, Jr. and James F. Waehler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for Sterling Properties, Inc., defendant below, appellee.

Harvey B. Rubenstein, Wilmington, for Richard M. Bauer, defendant below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this declaratory judgment action, the plaintiffs appeal from the grant by the Court of Chancery of summary judgment in

I.

Prior to the filing of the Superior Court mandamus action, the County Council had refused to endorse the subdivision plan, previously approved by the Department of Planning, and refused to file it for recording as required under *Acierno v. Folsom*,[1] Del.Supr., 337 A.2d 309 (1975). The County Council contended that its new record-plan-challenge procedure, adopted after *Acierno*, permitted it to review Planning Department approval of the record plan, *Acierno* notwithstanding.

The Superior Court concluded that the County Council's new procedure did not avoid the rule of *Acierno* and did not constitute authorization for Council appellate review of the Planning Department approval of the plan.[2] Accordingly, and on that ex-

---

1. In *Acierno*, this Court stated: (337 A.2d at 313–4)

"We conclude that under Regulations * * an approval of the Planning Board was binding upon the Planning Department; that upon such approval the Director of the Department was obliged to certify that the plan was in conformity with the Regulations; and that upon such certification, the County Council was obliged, as a ministerial function, to register its approval for recordation purposes.

* * * * * *

"If the County Council finds this result unintended, its recourse is revision of its Regulations."

2. In deciding the mandamus case, the Superior Court stated:

"In the *Acierno* case the Supreme Court held that once a plan has been approved by the Department, approval by the Council is a ministerial act, and said that the Council must revise its regulations if it wants to review approvals by the Department. It is not contended that the challenge procedure is part of the regulations. * * * The status of the chal-

pressed basis alone, the Superior Court directed that the members of the County Council perform their ministerial duty by registering approval of the plan for recording purposes. No appeal or other proceeding was initiated by the County Council members after that ruling. The private-citizen plaintiffs in this action were not parties in the Superior Court case.

## II.

The plaintiffs base this appeal upon two grounds: (1) the judgment of the Superior Court in the mandamus action neither expressly decided, nor necessarily included a decision upon, the zoning issue raised in this declaratory judgment action and, therefore, this action is not barred by the Superior Court judgment under the doctrine of *res judicata*; and (2) the interests of the private-citizen plaintiffs in this action were not fully represented and determined in the Superior Court action in which they were not parties and, therefore, they should not be barred from their day in Court by the Superior Court judgment.

Sterling's basic replies are these: (1) Sterling was only entitled to the issuance of the writ of mandamus upon the showing of a clear legal right thereto; therefore, although it nowhere appears expressly in the record, it must be assumed that the Superior Court found valid zoning[3] for the underlying approval of the plan by the Department in order to justify the issuance of the writ; and (2) the private-citizen plaintiffs, although not parties to the mandamus action, are barred under the doctrine of "virtual representation" from relitigating questions which were, or which could have been, litigated by the County Council members in that action.

The Court of Chancery agreed with Sterling's position on both points. We disagree as to the application of the virtual representation doctrine to the private-citizen plaintiffs under the circumstances of this case.

## III.

The doctrine of virtual representation arises from the following basic rules:

Restatement (Second) of Judgments § 85 (1975):[4]

"(1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of the rules of res judicata as though he were a party. A person is represented by a party who is: * * *

lenge procedure is unclear. It would appear that it is a rule of procedure at most. No authority is cited for the proposition that such a rule may be given effect in the face of regulations to the contrary."

3. In the petition for writ of mandamus, Sterling pleaded valid zoning to support the Department's approval of the plan. However, that issue was neither litigated by the Council members as a defense nor expressly decided by the Court in the mandamus proceedings.

4. The Reporter's note to Comment D, § 85 of the Restatement states in part:

"Whether an action involving a public official or agency is preclusive in subsequent private party litigation cannot be determined by reference to res judicata policies alone. There is a preliminary question whether a private party may maintain or defend a legal action concerning an interest, whether of his own, or of a class of which he is a party, or of 'the public' with respect to which a public official or agency has protective or other responsibility. A similar question may arise where a private party seeks to intervene in an action to which such an official or agency is already a party. That question is analytically complex and resoluble only by reference to law and policy concerning the respective governmental rules of the courts and other public authorities. * * * Where a private party is recognized as having a right to secure judicial redress with regard to a matter in which a public official or agency also has such a right, the private party's action is not ordinarily preclusive of an action by the official or agency, * * * (citations omitted) * * * Where the prior action is by the public official or agency, however, the preclusive effect of the judgment appears to depend on a characterization of the interest that the public official represents. Where the interest to be protected is one held by members of the public at large, an action by a public official on behalf of that interest may be held preemptive of private remedies and preclusive effects accordingly given to a judgment in an action involving the official. (Citations omitted)."

(d) An official or agency invested by law with authority to represent the person's interests."

And similarly:

"A judgment for or against a municipal corporation or its officers in a matter of general interest to all its citizens and taxpayers is ordinarily binding on the latter, although they are not parties to the suit. Every taxpayer is a real, although not a nominal, party to such judgment, and cannot relitigate any of the questions which were litigated in the original action, * * * against the municipality, or its legal representatives; and if the municipality fails to avail itself of legal defenses, the people are concluded by the judgment."

"It is well settled that when a judgment is rendered against an officer of a municipal corporation who sues or is sued in his official capacity, the judgment is binding upon the corporation, upon other officers of the same municipal corporation who represent the same interest, and upon all residents and taxpayers thereof. Likewise, a judgment against a county or its legal representatives in a matter of general interest to the people thereof is binding not only as to the parties named as defendants, but also as to all the citizens of the county not so named." 56 Am.Jur.2d, *Municipal Corporations*, §§ 873–4 (1971).

■ It thus appears that the doctrine of virtual representation depends upon the existence, in the prior adjudication, of (1) an issue of a public or general nature; and (2) clear identity of interests such as to assure individual citizens of a complete and full representation of their rights and interests; and (3) a clear and unquestionable resolution of the issues sought to be litigated in the subsequent litigation.

■ We are of the opinion that the doctrine of virtual representation does not bar *the* private-citizen plaintiffs from litigating the issue of zoning in the pending case. It is obvious that the primary concern and purpose of the members of the Council in the mandamus action was to test the effectiveness of their new record-challenge procedure as an answer to, and circumvention of, the rule of the *Acierno* case. Clearly, that was the only issue fully litigated and expressly decided in the mandamus case; nothing appears to evidence a litigious interest in, and concern with, rights of citizens such as are sought to be enforced in the pending declaratory judgment action. It appears that, at an early stage, the Council members abandoned the issue of zoning which was tendered in Sterling's petition for the writ and which is the sole issue sought to be raised here. Thus, in our opinion, it cannot be said that the judgment in the mandamus action settled an issue of public nature and general interest to all New Castle County citizens and taxpayers such as to bind the private citizen-plaintiffs under the doctrine of virtual representation. Nor can it be said in this situation, as it must in order to justify application of the virtual representation doctrine, that the interests and rights of the citizen-plaintiffs in the pending action were fully and actually litigated by the defendant Council members, or that the citizen plaintiffs were so closely aligned with the primary interests of the Council members in the mandamus action that their rights were protected in that litigation.

■ Under the circumstances of this case, it would be unjust to hold the citizen-plaintiffs barred by a decision in which it appears that their specific rights and interests were "neither championed nor resolved". Compare *Patterson v. Burns*, D.Hawaii, 327 F.Supp. 745 (1971). Before the bar of *res judicata* may be successfully invoked against a non-party to a prior action under the virtual representation rule, it must be made eminently clear that the rights and interests of the parties in the subsequent suit were fully championed and resolved in the prior action. Implications and assumptions, such as must be relied upon by Sterling here (i. e., that the Superior Court must have decided the issue of zoning before it could have decided that Sterling had a clear legal right to the writ of mandamus issued), will not suffice.

As to this facet of the case, Sterling relies upon *State v. LaBella*, N.J.Super., 88 N. J.Super. 330, 212 A.2d 192 (1965); *Ashton v. City of Rochester*, N.Y.Ct.App., 133 N.Y. 187, 30 N.E. 965 (1892); *Sauls v. Freeman*, Fla.Supr., 24 Fla. 209, 4 So. 525 (1888); and *Rynsburger v. Dairymen's Fertilizer Co-op, Inc.*, Cal.App., 266 Cal.App.2d 269, 72 Cal.Rptr. 102 (1968). While the latter case, and others, may stand for the proposition that, ordinarily, judgment for or against a governmental body is binding on all citizens with respect to matters of a public or general nature, the instant case does not fall within that rule primarily because, as has been demonstrated, it is not clear that the mandamus judgment settled an issue of a public or general nature.

Accordingly, the judgment below must be reversed as to plaintiffs Glenn B. Pusey and Red Lion Community Association.

### IV.

■ Not so, however, as to the plaintiff New Castle County. The County is barred, in our opinion, by rules of privity and *res judicata* from litigating in this action an issue which the members of the County Council could have litigated on behalf of the County in the mandamus action. The rule governing this situation is stated in *Ezzes v. Ackerman*, Del.Supr., 43 Del.Ch. 420, 234 A.2d 444, 445 (1967) as follows:

" * * * the defense of *res judicata* is no longer confined to a second attempt to re-assert the same 'cause of action' asserted in the first suit, *but is available if the pleadings framing the issues in the first action would have permitted the raising of the issues sought to be raised in the second action*, and if the facts were known, or could have been known to the plaintiff in the second action at the time of the first action." (Emphasis supplied).

The issue of zoning was tendered by Sterling in the petition for the writ of mandamus. The County, represented by its Coun-cil members, abandoned that issue there;[5] it may not revive it here.

Accordingly, the judgment below is affirmed as to the plaintiff New Castle County.

\* \* \*

Reversed in part and remanded for further proceedings consistent herewith.

---

5. While *Acierno* barred the County Council, under then-current Regulations, from acting as a board of review of a plan approved by the Planning Department, nothing in *Acierno* barred the County Council from seeking judicial review of a plan the legality of which is questioned.