**P. BEIERSDORF & CO., Inc., v. DUKE LABORATORIES, Inc.**

Civ. 51–45.

United States District Court
S. D. New York.

Aug. 14, 1950.

See, also, D.C.; 10 F.R.D. 282.

William Siskind, New York City, and Gilbert Burris, Jackson Heights, N. Y., for plaintiff.

Buckley & Buckley, New York City, and John A. Danaher, Washington, D. C., for defendant.

McGOHEY, District Judge.

This is an action for trademark infringement and unfair competition commenced on July 20, 1949. Both plaintiff and defendant are New York corporations. On December 9, 1947, plaintiff's entire capital stock was vested and seized by the Attorney General of the United States from the former German owners under the Trading with the Enemy Act.

Defendant moves under 28 U.S.C.A. § 1404(a) for a transfer of this action to the United States District Court for the District of Connecticut, or, alternatively, for a stay of this action pending determination of an action brought by it against plaintiff May 20, 1949, in the Superior Court for the State of Connecticut, Fairfield County.

 The motion for a change of venue will be denied. " * * * unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." [1]

Defendant's assertion that it will be inconvenienced by having to transport records and witnesses from its place of business in Stamford, Connecticut, is not persuasive. The distance between Stamford and New York, and Stamford and New Haven, where the Connecticut District Court sits, is about the same, and the plaintiff's records and its prospective witnesses, on the other hand, are in New York.

Another ground advanced by defendant in support of transfer is that it desires to consolidate this action with one brought by plaintiff against one Carl J. Herzog in the Connecticut District Court. Herzog is the president of defendant corporation, and while defendant asserts that the issues in the action against him are such that consolidation will lie, I am not convinced from the papers before me that such is the case. The plaintiff's action against Herzog is based on his alleged breach of fiduciary duties during the period 1938–1947 when he was an officer and director of the plaintiff corporation. The parties here disagree on whether that case involves issues and proof similar to those in this action. The pleadings in the Herzog action are not before me and so I hold that the defendant has not sustained its burden on this point.

It is clear from the foregoing that defendant has failed to establish the strong balance in its favor necessary to support its motion for change of venue.

 The statutory privilege of access to a federal court is no longer regarded as absolute. It may be curtailed if its exercise causes inconvenience, delay and expense to the defendant.[2] The question of whether a court should stay proceedings before it is one that goes to the exercise of a sound discretion in the application of its inherent power.[3] "The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties." [4]

 While the Connecticut Superior Court action is one for a declaratory judg-

1. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055; see Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330.

2. Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, 302.

3. Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153.

4. Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, 930; see Note, 59 Yale L.J. 978, 988–90.

ment and this one seeks an injunction against trademark infringement and damages and an accounting for unfair competition, the issues in both cases are substantially similar. The amended complaint here relies upon an agreement between the parties entered into February 14, 1936; the Connecticut court is being asked to declare that agreement void. The demand here for damages and an accounting is matched by the prayers in Connecticut for a declaration "That plaintiff [defendant here] has fully paid and discharged any and all obligations which on any account were due to defendant [plaintiff here] in law or equity by reason of the course of dealing set forth in the complaint" and "That defendant [plaintiff here] has no further or continuing claim against plaintiff [defendant here]." Plaintiff's demand for an injunction against trademark infringement is paralleled by the request that the Connecticut court declare defendant to be the owner of the trademark in controversy and that it enjoin plaintiff from interfering with defendant's use thereof.

The plaintiff urges that a stay of this action to allow the Connecticut action to proceed will not avail to accomplish that, because, it is said, Duke Laboratories is enjoined from proceeding in Connecticut by an order entered last February in the New York Supreme Court in another proceeding between these parties to compel arbitration on the contract involved here. The decision of Mr. Justice Hecht, on which this order was entered in New York, indicates that the stay he ordered may not have been intended to reach the Connecticut proceeding.

Last April the Connecticut Court denied a motion to stay its proceedings. That motion was based on Justice Hecht's order. Its decision, now on appeal, does not appear to have been reversed. As far as now appears, the action in Connecticut may proceed. If it does, all the issues raised here may be adjudicated there.

In accordance with the policy against multiplicity of suits [5] this action will be stayed until the determination of the action between the parties now pending in the Fairfield County, Connecticut, Superior Court.

Submit order.

---

5. Mottolese v. Kaufman, supra.