SIMON & SCHUSTER, INC., a New York corporation suing on its own behalf and on behalf of Herman and Sylvia Taller, as Trustees, Plaintiffs,

v.

COVE VITAMIN AND PHARMACEUTICAL, INC., a corporation, CDC Pharmaceutical Corp., a corporation, and Herman Taller, Defendants.

United States District Court
S. D. New York.
Nov. 26, 1962.

Selig J. Levitan and Donald S. Engel, New York City, for plaintiffs.

Bass & Friend, New York City, for defendants Cove Vitamin and Pharmaceutical, Inc., and CDC Pharmaceutical Corp.

Irving L. Spanier, New York City, for defendant Herman Taller.

TYLER, District Judge.

The two defendant corporations move for an order staying the above-entitled action pending the outcome of a suit previously instituted by them, as plaintiffs, against Simon & Schuster, Inc. in the Supreme Court of New York, New York County.[1]

The federal action, commenced July 27, 1962, alleges acts of copyright infringement and unfair competition, with resultant damages of $2,500,000. The New York Supreme Court action, commenced on or about July 19, 1962, seeks $6,500,000 as damages for breach of contract.

The claims of both parties arise out of a series of meetings or negotiations between their representatives which took place for some months prior to and including September, 1961. It is defendants' contention that these meetings resulted in a contract or agreement between the parties. By the terms of this agreement, defendants contend, they were granted permission to reproduce in the sales promotion of their product

[1]. Herman Taller, one of those (as trustee) on whose behalf plaintiff purports to sue and who is also named as a defendant in his individual capacity, expressly declined to take part in the litigation of this motion.

known as "CDC" pills, the title, cover design and excerpts from a book published by Simon & Schuster entitled "Calories Don't County", of which Dr. Herman Taller, joined as a party in this action, is the author.

Simon & Schuster denies the existence of any such agreement and asserts that the use by defendants of the title, cover design and excerpts from the book "Calories Don't Count" was unauthorized and an infringement of the copyright on this work registered in the name of Dr. Taller on September 27, 1961.

It has been stated that " * * * the suppliant for a stay [of the type sought here] must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis v. North American Co., 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

■ The Court of Appeals for the Second Circuit has recognized that, in accordance with the policy against multiplicity of suits, hardship sufficient to warrant a stay is presented by the necessity, which would exist but for the stay, of the movant's litigating the second-filed action along with the first-filed. Mottolese v. Kaufman, 176 F.2d 301, 303 (2d Cir., 1949).

However, the Mottolese case and other decisions in this Circuit also indicate that a stay of the federal action in deference to a prior-filed state action will issue only where the latter will be dispositive of at least the "controlling issues" in the federal action. Cf., Mottolese v. Kaufman, supra, p. 302.[2]

Where it was concluded that the state court action could not have binding effect upon the federal court action, the Court of Appeals upset the stay granted below. Lyons v. Westinghouse Electric Corp., 222 F.2d 184, 190 (2d Cir., 1955).

The defendants here argue:

"If the defendants here prevail in their State action and establish the existence of the agreement between the parties, such an agreement will be a complete defense to the instant action alleging infringement and unfair competition." (Defendants' brief, p. 10).

■ My analysis of the two pending actions suggests that the issue here is not quite as uncomplicated and thus susceptible of a different disposition than that urged by defendants.

The activity of defendants put at issue in these suits is their use of the cover design, title and excerpts from the book "Calories Don't Count". It is possible that the agreement, if such there was, alleged by defendants may have authorized their use of one or any combination of these items. Conceivably, therefore, defendants could recover for breach of contract in the state court action upon a finding, for example, that permission to use the title and cover design had been

2. The plaintiff, over whose objection the stay affirmed by the Second Circuit in Mottolese was granted, was prosecuting the federal action, a share-holder's derivative suit based upon claimed depredations upon the corporate treasury, on the "same claims" (Mottolese, supra, 176 F.2d p. 301) as had been asserted by nine other share-holders in derivative actions, brought separately and thereafter consolidated, in the state court. As the court in Mottolese pointed out, p. 302, the real party in interest was the corporation itself. To this extent, then, the claims and interests were identical in the state and federal court suits. The court concluded that " * * * the issues that will be decided in the Consolidated Action will be almost certain to dispose of the case at bar." Mottolese v. Kaufman, supra, p. 302. To the same effect is P. Beiersdorf & Co., Inc. v. McGohey, 187 F.2d 14 (2d Cir., 1951). There, though the facts surrounding the state and federal cases do not appear in the opinions of either the trial court or the Court of Appeals, Judge McGohey did state, in granting the stay affirmed by the Circuit Court, that: "As far as now appears, the action in Connecticut may proceed. If it does, all the issues raised here may be adjudicated there." P. Beiersdorf & Co., Inc. v. Duke Laboratories, Inc., 92 F.Supp. 287, 289 (S.D. N.Y.1950).

granted and wrongfully withdrawn. But such a state court finding, presumably, would not preclude a determination in this court that use of excerpts from the book was unauthorized and infringing. Similarly, it is possible that the state court could find for Simon & Schuster as to some or all of the three items allegedly used by defendants, on the basis that if there was a contract embodying authority to use these items, there was no actionable breach of such contract.

In short, it is by no means clear at this stage that the state court action will be "conclusive" of the issues in this federal action. At least two other factors lead to the same conclusion.

Herman and Sylvia Taller, parties in this action, are not parties to the New York suit. Although it is probable that the state court action would be binding upon them to some degree (see Restatement of Judgments, §§ 68, 83), it is not certain now that they would be bound, for instance, by the effect of the principles of collateral estoppel, in all respects as though parties. This is another element, then, which at least potentially renders the state court suit less than dispositive of all claims and issues in the action here.

Another factor is that, unlike the situations presented in Mottolese v. Kaufman and P. Beiersdorf & Co., Inc. v. McGohey, supra, federal jurisdiction of the claim here, being one for copyright infringement, is an exclusive jurisdiction (28 U.S.C. 1338(a)). Parenthetically, this suggests the question as to just what effect, in the nature of estoppel, the state court action would have upon subsequent federal court proceedings. See, Lyons v. Westinghouse Electric Corp., supra, 222 F.2d at pp. 188–190. Indeed, keeping in mind the policy consideration that a multiplicity of suits is to be avoided, there might be an argument for preferring the federal action here upon the theory that this is the only forum in which all of the rights of all parties can be fully litigated.

For these reasons, defendants' motion to stay the above-captioned action is in all respects denied.

So ordered.