Alexander KAHAN, on behalf of himself and all others similarly situated, Plaintiff,

v.

Lewis ROSENSTIEL et al., Defendants.

Civ. A. No. 3509.

United States District Court
D. Delaware.

May 29, 1968.

**62**

———◆———

William Prickett, Rodman Ward, Jr., and Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, Del., Bruce Kauffman and David Pittinsky, of Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., of counsel, for plaintiff.

Richard F. Corroon and Hugh Corroon, of Potter, Anderson & Corroon, Wilmington, Del., for Dorothy H. and Lewis Rosenstiel Foundation and the appearing individual defendants.

S. Samuel Arsht and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for Glen Alden Corp.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

The Dorothy H. and Lewis Rosenstiel Foundation, the appearing individuals,[1] and the Glen Alden Corporation, defendants herein upon whom service has been made, have moved to dismiss or stay the prosecution of this suit and for a protective order.[2]

Defendants' motions are premised upon the fact that plaintiff Kahan has filed a companion suit against them in the Delaware Court of Chancery, and further that at least two other actions, involving the same operative facts as underlie the instant action, have been filed against them in the Chancery Court. Defendants maintain that they ought not to be forced to defend essentially identical lawsuits in two different courts with the associated duplication of work, time and expense, and that to permit the plaintiff to proceed in this fashion would lead to unnecessary and vexatious harassment.

As to the suits filed against the defendants in the state court by plaintiffs other than Kahan, at least one of the defendants has indicated considerable doubt as to whether they would or could properly be consolidated. As is conceded by defendant Glen Alden,[3] though all of the suits are based upon the same acts and transactions, Kahan's alleges fraud and other improper acts by the various defendants and seeks recovery for himself and other stockholders similarly situated, while the other suits involve, at least in part, claims in the nature of stockholder derivative actions seeking recovery for the corporation. While it may be that the suits in Chancery could be consolidated and allowed to proceed apace, the defendants have failed to make a sufficient showing that such is likely to be the case.

■ Even if such a showing were to be made, that of itself, would not induce this Court to stay its hand. Defendants have the burden of showing that the decision in the state court would necessarily dispose of every issue in this federal action, Simon & Schuster, Inc. v. Cove Vitamin & Pharmaceutical, Inc., 211 F. Supp. 72 (S.D.N.Y.1962) before the Court would look with favor upon defendants' motions to dismiss or stay. Recognizing this, defendants contend that a decision by the Chancery Court on motions to dismiss filed there would

---

1. The appearing individual defendants are: R. G. Smith, E. R. Deutsche, M. B. Hopkins, D. D. Buscher, H. S. Feldman, Sylvan Oestreicher, J. L. Morris, Theodore Gommi, D. A. Chernow, W. E. Devereaux, Bernard Goldberg, G. D. Kuhn, L. B. Nichols, John Mackie and Theodore C. Wiehe.

2. At the oral argument on these motions, the Court granted a temporary protective order suspending all discovery pending a disposition of the requests to dismiss or stay the suit.

3. Brief of defendant Glen Alden, p. 4.

resolve all controlling issues in this federal suit, placing heavy emphasis upon Judge Rodney's decision in Kaufman v. Shoenberg, 154 F.Supp. 64 (D. Del. 1954). As this Court views the Kaufman case, Judge Rodney held only that on the facts before him, he would be compelled, even under the Securities and Exchange Act of 1934, to apply the same standard of fraud as had been applied by the Chancellor in the state proceeding and thus the finding of no fraud was conclusive upon the parties in the federal action.

While the Chancery Court's determination might be dispositive of the controlling issues here if it found for the plaintiff, this would not be so if the state decision were in the defendants' favor. This would necessarily be so because here the plaintiff has made a claim under the Securities and Exchange Act, which could not be heard by the State Court since exclusive jurisdiction to hear such claims is vested in this Court. 15 U.S.C.A. § 78aa.

Despite any adverse decision in the state action, the plaintiff herein would be entitled to have its allegations of fraud, conspiracy and other incidents of misconduct on the part of defendants tested under the standards of the 1934 Act. Apropos, the Court finds the following observation in the Cove Vitamin case, supra, quite persuasive:

"Another factor is that, unlike the situations presented in Mottolese v. Kaufman [2 Cir., 176 F.2d 301] and P. Beiersdorf & Co., Inc. v. McGohey, supra [2 Cir., 187 F.2d 14] federal jurisdiction of the claim here, being one for copyright infringment, is an exclusive jurisdiction (28 U.S.C. 1338(a)). Parenthetically, this suggests the question as to just what effect, in the nature of estoppel, the state court action would have upon subsequent federal court proceedings.

See, Lyons v. Westinghouse Electric Corp., supra [2 Cir.], 222 F.2d [184] at pp. 188–190. Indeed, keeping in mind the policy consideration that a multiplicity of suits is to be avoided, there might be an argument for preferring the federal action here upon the theory that this is the only forum in which all of the rights of all parties can be fully litigated." (211 F. Supp. at p. 74).

In addition, the Court cannot ignore the fact that perhaps the two most important defendants cannot be brought within the jurisdiction of the Chancery Court. In this federal suit, on the other hand, there exists at least the possibility that they may be made subject to this Court's jurisdiction under the long-arm provision of the 1934 Securities Act, 15 U.S.C.A. § 78aa.

The record before the Court reflects nothing which should foreclose the plaintiff from litigating its claims against all potential defendants at the same time, and as noted by the Court in the Cove Vitamin case, this would seem to be "the only forum in which all of the rights of all parties can be fully litigated." Thus, it appears, that a salutary resolution of the defendants' problem of defending a multiplicity of suits is to suspend the state court action and proceed with the instant suit where all of the issues between the parties may be disposed of.[4]

The Court is therefore of the opinion that on the basis of the facts presently before it, the defendant has failed to show good cause why the plaintiff should be prevented from pursuing the instant federal suit. The motions of all defendants to dismiss or in the alternative to stay this action are denied, and the temporary protective order with regard to discovery in this lawsuit is dissolved.

Submit order in accordance with the foregoing.

4. All of the issues which might be raised in the state court suit can be determined under Count II of the federal action. In Count II plaintiff invokes the pendent jurisdiction of this Court and makes the identical allegations which it has made in its suit in the Chancery Court.