**CLEAN AIR COORDINATING COMMITTEE, Plaintiff-Appellant,**

v.

**ROTH–ADAM FUEL COMPANY et al., Defendants-Appellees.**

No. 72–1304.

United States Court of Appeals, Seventh Circuit.

Argued June 12, 1972.

Decided July 3, 1972.

Richard M. Kates, Chicago, Ill., for appellant.

Harry A. Young, Jr., Allen C. Engerman, Robert J. Lifton, David C. Landgraf, Chicago, Ill., for appellees.

Before SWYGERT, Chief Judge, and FAIRCHILD, and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

According to the verified complaint, plaintiff is an association whose membership consists of several "groups" and more than one thousand individuals. Its purpose is the promotion of air pollution control. Defendant Roth-Adam Fuel Company is a coal-selling corporation doing business in Illinois, and defendant Chicago Coal Merchants Association is a voluntary association representing retailers engaged in the sale of coal in Illinois. The other two defendants are the Illinois Pollution Control Board and the United States Environmental Protection Agency, both governmental agencies whose purposes include air pollution control. Neither took any position with respect to this controversy although the state Board indicated its intent to intervene as a plaintiff.

According to plaintiff, on April 30, 1971, the United States Environmental Protection Agency adopted primary and secondary ambient air quality standards for particulate matter and sulphur dioxide under the Clean Air Act (42 U.S.C. § 1857 et seq.). Under that Act, each state "shall, after reasonable notice and public hearings, adopt and submit to the Administrator" of that agency a plan for the implementation, maintenance and enforcement of such standards within nine months after their promulgation by the Administrator (42 U.S.C. § 1857c–5(a)(1)). Four months after the submission date, the Administrator must approve or disapprove such plan.

The Illinois Pollution Control Board proposed an implementation plan for air pollution control in Illinois on December 8, 1971. The Board simultaneously announced that its proposed plan would be modified in accordance with its regulations and in response to testimony at public hearings. The Illinois plan included proposed Rule 203(g)(1)(A) which concededly would result in a total ban on the use of coal for residential and commercial space heating purposes in the Chicago Major Metropolitan Area.[1] The Illinois plan was first submitted to the United States Environmental Protection Agency on January 30, 1972. On April 13, 1972, after a series of hearings, all of the proposed regulations of the Illinois Pollution Control Board were adopted by that board and submitted to the federal agency with the proviso that Rule 203(g)(1)(A) (which is not to become effective until May 30, 1975) should not be considered to ban the use of coal for space heating in residential and commercial buildings in the Chicago Major Metropolitan Area.[2]

On March 14, 1972, a few days prior to the filing of the federal suit, defendants Roth-Adam Fuel Company and Chi-

---

[1]. Plaintiff does not controvert defendants' description of said rule as limiting "the emission of particulate matter from existing solid fuel combustion sources located in the Chicago Major Metropolitan Area to 0.1 pounds of particulate matter per million btu of heat input in any one hour period." The Rule itself provides:
"(a) *Particulate Emission Standards and Limitations for Fuel Combustion Emission Sources.*
"(1) *Fuel Combustion Emission Sources Using Solid Fuel Exclusively.*
"(A) *Existing Fuel Combustion Emission Sources Using Solid Fuel Exclusively Located in the Chicago Major Metropolitan Area.* No person shall cause or allow the emission of particulate matter into the atmosphere from any existing fuel combustion source using solid fuel exclusively, located in the Chicago Major Metropolitan area, to exceed 0.1 pounds of particulate matter per million btu of actual heat input in any one hour period except as provided in sub-paragraph (C) of this Rule 203(g) (1)."

[2]. The proviso was based on the April 13, 1972, restraining order of the Circuit Court of Cook County and remains in effect under that court's April 27, 1972, preliminary injunction. See *infra*, pgs. 324–325. The proviso applies to the Illinois Pollution Board and does not bind the federal Administrator. (See Response of Defendants-Appellees to Motion for Injunction, p. 10, and their Response to Motion for Accelerated Briefing Schedule, p. 3.)

cago Coal Merchants Association filed suit in the Circuit Court of Cook County, Illinois, to enjoin the Illinois Pollution Control Board from adopting Rule 203(g)(1)(A) or an equivalent rule. Plaintiff's federal suit prayed that those defendants be enjoined from proceeding any further with the state court suit.

Defendant Roth-Adam Fuel Company filed a motion to strike the complaint and to dismiss the cause, asserting *inter alia* that the district court had no jurisdiction and that the Federal Anti-injunction Act (28 U.S.C. § 2283) prohibited the issuance of an injunction against the state court proceedings. On March 31, the district court denied defendants' motion to strike the complaint and by agreement dismissed the United States Environmental Protection Agency as a defendant. A fortnight thereafter, the district court heard arguments on plaintiff's motion for a preliminary injunction and concluded that although it did not have exclusive jurisdiction of the subject matter, it had concurrent jurisdiction with the Circuit Court of Cook County. The district court decided that its hand "will be stayed until further notice of this Court."

On April 13, 1972, the Circuit Court of Cook County entered a temporary restraining order against the Illinois Pollution Control Board pending a hearing on the motion for preliminary and permanent injunctions. On April 27, 1972, that court entered a preliminary injunction enjoining the Illinois Pollution Control Board from adopting Rule 203(g)(1)(A) or its equivalent unless the rule should "provide for compensation to parties whose businesses are injured and to parties who are otherwise injured by the adoption of such rule."[3]

An interlocutory appeal was taken to the Appellate Court of Illinois on April 28, 1972, by the Illinois Pollution Control Board, and it is to be heard on an expedited schedule. We also expedited the appeal from the district court's stay.

Defendant assert that the district court's stay order was not appealable. Although defendants contend that the district judge merely stayed his hand pending determination of the issues in the state court proceeding, plaintiff did not seek to litigate in federal court the same issues as were before the state court. Rather plaintiff sought to enjoin the defendants' proceeding in the state court, which proceeding was itself the gravamen of plaintiff's federal statutory claim.[4] Consequently, the district court's finding of concurrent jurisdiction and indefinite stay allowing the state court to proceed in effect constituted the refusal of a preliminary injunction within the meaning of 28 U.S.C. § 1292(a)(1). Under these circumstances, we hold that the district judge's failure to grant the preliminary injunction was appealable. Weiss v. Duberstein, 445 F.2d 1297, 1299 (2d Cir. 1971); United States v. Lynd, 301 F.2d 818, 822 (5th Cir. 1962); see Allico National Corporation v. Amalgamated Meat Cutters, 397 F.2d 727, 729 (7th Cir. 1968).

Defendants also contend that 28 U.S.C. § 2283, the federal anti-injunction statute, bars enjoining the state court proceedings. That statute provides as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its juris-

---

3. See Supplement to Response of Defendants-Appellees to Motion for Injunction, p. 2.

4. Succinctly put, plaintiff claimed below and claims here that state court review delaying unqualified submission of the implementation plan to the Federal Administrator contravenes 42 U.S.C. § 1857c-5 by preventing compliance with the nine-month time limit for submission prescribed therein and 42 U.S.C. § 1857h-5(b) (1), which provides for review of the Administrator's action in approving or promulgating any implementation plan under Section 1857c-5 only in a United States Court of Appeals.

diction, or to protect or effectuate its judgments."

In our judgment, none of the three exceptions applies, so that the district court should have dismissed this action. The second and third exceptions are not even arguably applicable. As the Supreme Court has recently explained, if this action "is not an 'expressly authorized' statutory exception, the anti-injunction law absolutely prohibits in such an action all federal equitable intervention in a pending state court proceeding * * * regardless of how extraordinary the particular circumstances may be." Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 2155, 32 L.Ed.2d 705 (June 19, 1972). Although "an authorization need not expressly refer to § 2283," "in the present case we are directed to no 'express' authorization within even the most attenuated meaning of the term." Amalgamated Clothing Workers v. Richman Brothers Co., 348 U.S. 511, 516, 75 S.Ct. 452, 455, 99 L.Ed. 600. The language of the Federal Clean Air Act, even as illuminated by the legislative history, contains nothing which can fairly be interpreted as an authorization much less an "express authorization." An exception may be implied in favor of a federal agency "where its federal power preempts the field." National Labor Relations Board v. Nash-Finch Co., 404 U.S. 138, 144, 92 S.Ct. 373, 377, 30 L.Ed.2d 328. Here, however, the federal domain is not exclusive. "Each State shall have the primary responsibility for assuring air quality within the entire geographic area comprising such State by submitting an implementation plan for such State which will specify the manner in which national primary and secondary ambient air quality standards will be achieved and maintained * * *." 42 U.S.C. § 1857c–2(a); see also 42 U.S.C. § 1857(a) (3). So far we are not persuaded to read the term "responsibility" so narrowly as to exclude assurance through state court review that the state pollution board's proposed plan is a valid exercise of that board's state-given powers. It is significant too that here "it is

[not] a public authority that seeks protection of that domain." National Labor Relations Board v. Nash-Finch Co., supra, at 147, 92 S.Ct. at 379; see Leiter Minerals, Inc. v. United States, 352 U.S. 220, 225–226, 77 S.Ct. 287, 1 L.Ed.2d 267. The United States Environmental Protection Agency has not seen fit to seek an injunction.

It may be that in an appropriate case where "there is little question that if the [federal agency] had sought the injunction * * *, § 2283 would not have blocked its way," a private suit which is "a necessary supplement" to agency action for enforcement of the specific provision in question may overcome the bar. Studebaker Corp. v. Gittlin, 360 F.2d 692, 698 (2d Cir. 1966). Here, however, it is far from clear that even the United States Environmental Protection Agency could have surmounted the bar of § 2283. 42 U.S.C. § 1857c–5(c) provides for what action the Administrator of that agency shall take in the event a "State fails to submit an implementation plan for any national ambient air quality primary or secondary standard within the time prescribed." In such event he "shall, after consideration of any State hearing record, promptly prepare and publish proposed regulations setting forth an implementation plan, or portion thereof * * *." If the state remains delinquent, these regulations must be promulgated within six months after the required submission date. This specific sanction is at least not clearly consistent with an authorization of the Administrator to sue for an injunction against state court proceedings delaying transmission of the complete implementation plan. Surely the Act fails to meet the test of "clearly creating a federal right or remedy enforceable in a federal court of equity, [which] could be given its intended scope only by the stay of a state court proceeding." Mitchum v. Foster, supra, 407 U.S. at 238, 92 S.Ct. at 2160. Moreover, although the Federal Clean Air Act provides for citizen participation by way of public hearings on implementa-

tion plans (42 U.S.C. §§ 1857c–5(a) (1), 1857c–5(c)) and by way of suit to enforce substantive emission standards or limitations (42 U.S.C. § 1857h–2), it can hardly be said that a private suit is a "necessary supplement" to agency action in seeking compliance with the phase of the Act dealing with time limitations. Studebaker Corp. v. Gittlin, *supra*, does not control this case. See Essex Systems Co., Inc. v. Steinberg, 335 F.Supp. 298 (S.D.N.Y.1971).

As the defendants have pointed out, the regulation in question was promulgated by a state agency, *viz.*, the Illinois Pollution Control Board under the Illinois Environmental Protection Act (Ill. Rev.Stat.1971, ch. 111½, § 1001 et seq.). That regulation appears to be reviewable under §§ 1029 and 1041 of that statute, pursuant to the provisions of the Illinois Administrative Review Act (Ill.Rev.Stat.1971, ch. 110, §§ 264–279). We have found no provision in the Federal Clean Air Act definitely prohibiting such review. 42 U.S.C. § 1857h–5(b) (1), on which plaintiff relies, provides for exclusive United States Court of Appeals review of "the Administrator's action in approving or promulgating any implementation plan under section 1857c–5 * * *," but says nothing about review of the proposals of state anti-pollution agencies. In view of the May 30, 1975, effective date for Rule 203(g)(1)(A), plaintiff has not satisfied us that the progression of the state appeal would unduly delay the regulation. This is especially so because the state already being delinquent according to plaintiff, the federal Administrator now is free to disapprove of the present court-imposed proviso to the Rule making it inapplicable to the Chicago area or he may propose his own regulation to be promulgated within six months after the original submission date, so that the scheme of the Federal Clean Air Act has not been thwarted by the state court suit.

Since our ruling is based on the Federal Anti-injunction Act, we need not consider the parties' other arguments with respect to the district court's jurisdiction. It is not alleged that the Administrator of the Environmental Protection Agency has yet approved or promulgated any implementation plan for Illinois, so that we as yet have no jurisdiction to review his action under 42 U. S.C. § 1857h–5(b) (1).

Treating the order appealed from as a denial of an injunction, it is affirmed. Since 28 U.S.C. § 2283 forbids the relief sought, the district court is directed to dismiss the action. Costs on appeal are awarded appellees Roth-Adam Fuel Company and Chicago Coal Merchants Association.[5]

---

5. The motion to dismiss the appeal was abandoned and is denied since plaintiff did file the requisite cost bon.