## The BOARD OF SUPERVISORS OF DICKENSON COUNTY, VIRGINIA et al., Plaintiffs,

v.

## The CIRCUIT COURT OF DICKENSON COUNTY, VIRGINIA et al., Defendants.

Civ. A. No. 80–0282–B.

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

Nov. 14, 1980.

Benjamin F. Sutherland, Clintwood, Va., for plaintiff.

James W. Elliott, Jr., Abingdon, Va., for defendant.

MEMORANDUM OPINION .

GLEN M. WILLIAMS, District Judge.

The plaintiffs, the Board of Supervisors of Dickenson County, Virginia, et al., seek to enjoin the Circuit Court of Dickenson County, Virginia from further consideration of a case involving alleged violations of the National Environmental Policy Act. On 20 August 1980, twelve residents of the community of Haysi, Dickenson County, Virginia, filed a bill of complaint in the Circuit Court of Dickenson County, to oppose a proposal by the Dickenson County Board of Supervisors (County Board) and the Cumberland Plateau Regional Housing Authority (Housing Authority) to construct a public housing project of ninety–one family units a short distance from the Town of Haysi. The plaintiffs in that state court action, defendants in the present suit, allege that the County Board, the Housing Authority, a county administrative assistant and a county relocation officer failed to comply with the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321 et seq., in developing the proposal. They claim that the project "will severely damage the quality of the human environment in the area", and that an incomplete environmental impact statement was filed which ignored the effect of the project upon the quality of the environment. Numerous other defects in meeting the requirements of NEPA and its ensuing federal regulations are also alleged.

The plaintiffs in the action before this court filed an answer to the complaint in the state action on 9 September 1980. They did not challenge the Dickenson County Circuit Court's jurisdiction over the subject matter of this suit; nor did they seek to remove the case to federal court pursuant to 28 U.S.C. § 1441, although they could have done so given the significant questions

raised concerning NEPA, a federal law. The state court entered an order on 29 September 1980, temporarily enjoining the County Board, et al. from proceeding with the Haysi housing project pending a more complete environmental impact study. The plaintiffs are before this court pursuant to 28 U.S.C. § 1331, federal question jurisdiction, seeking to enjoin enforcement of the state court injunction and, in essence, to relitigate the issue of whether the plaintiffs have complied with NEPA regulations. The defendants have answered with a motion to dismiss.

By Order entered 9 October 1980, this court stayed consideration of the issues raised by the plaintiffs to allow the state court the opportunity to consider whether this action fell within its jurisdiction. The Virginia Supreme Court, in an opinion issued 21 October 1980, held that the state court had such jurisdiction. The defendants presently before this court now argue that the federal Anti–Injunction statute prohibits this court from enjoining enforcement of the state court's injunction.

Title 28 U.S.C. § 2283, the Anti–Injunction Statute, provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Clearly the last two exceptions do not apply in this case, since federal question jurisdiction has been established and no judgments have been entered by this court in this action. Therefore, the sole question before this court is whether NEPA expressly authorizes this court to enjoin the state proceeding.

In *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1971), the United States Supreme Court set forth the criteria to be used when considering whether a federal statute expressly authorizes the federal courts to stay proceedings in a state court. The Court stated:

In the first place, it is evident that, in order to qualify under the 'expressly au-

thorized' exception of the anti–injunction statute, a federal law need not contain an express reference to that statute. . . . Secondly, a federal law need not expressly authorize an injunction of a state court proceeding in order to qualify as an exception . . . . Thirdly, it is clear that, in order to qualify as an 'expressly authorized' exception to the anti–injunction statute, an Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding. This is not to say that in order to come within the exception an Act of Congress must, on its face and in every one of its provisions, be totally incompatible with the prohibition of the anti–injunction statute. The test, rather, is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding.

*Id.* at 237, 238, 92 S.Ct. at 2159, 2160 (citation and footnotes omitted). Considering NEPA in light of the test set forth in *Mitchum*, this court holds that the NEPA does not qualify under the statute's exceptions.

The NEPA declaration of policy states that "[t]he Congress . . . declares that it is the continuing policy of the Federal Government, *in cooperation with State and local governments,* and other concerned public and private organizations, to use all practicable means and measures, . . . to create and maintain conditions under which man and nature can exist . . . ." Title 42 U.S.C. § 4331 (emphasis added). The phrase "in cooperation with State and local governments" was deliberately added to the original draft of the bill by a conference committee. *See* Conf.Rep.No. 91–765, 91st Cong., 1st Sess., *reprinted in* [1969] U.S. Code Cong. & Ad. News, p. 2767. Further, in the legislative history of NEPA, Congress acknowledges that "state and local governments have a large stake in the common problem [of environmental protec-

tion]." H.R.Rep.No. 91–378, 91st Cong., 1st Sess. *reprinted in* [1969] U.S. Code Cong. & Ad. News pp. 2751, 2758. Given the history of the Act, this court is of the opinion that Congress did not create a specific and uniquely federal right or remedy in the NEPA which could be frustrated if the federal courts were not empowered to enjoin a state court proceeding. Therefore, the first exception of the Anti–Injunction Statute has not been met. *Cf. Clean Air Coordinating Committee v. Roth–Adam Fuel Co.*, 465 F.2d 323 (7th Cir. 1972).

The plaintiffs cite *Stocklager v. Carroll Electric Cooperative Corp.*, 528 F.2d 949 (8th Cir. 1976), in support of their position that this court should enjoin enforcement of the state court proceedings. *Stockslager* is distinguishable from the case at bar. Although the United States Court of Appeals for the Eighth Circuit held in *Stockslager* that NEPA did fit under the first exception of the Anti–Injunction Statute, the court noted in that case that the state court condemnation proceedings that the plaintiffs sought to enjoin were held without the benefit of an environmental impact statement. Had the federal court not enjoined the state court's action, the project would have been completed, possibly doing irreparable damage to the environment and rendering useless the NEPA requirement of an environmental impact statement. In the case at bar, the state court is attempting to execute the statutory scheme of joint federal–state action by restraining state and local entities from participating in a violation of NEPA. *See also Monarch Chemical Works, Inc. v. Exon*, 452 F.Supp. 493 (1978). Furthermore, in *Stockslager*, the plaintiffs were not parties in the state condemnation proceedings and had no standing to intervene, whereas in this case, the plaintiffs are parties in the state court proceedings and acquiesced to the jurisdiction of the state court. They are now attempting to litigate the same issue in both state and federal court; the Anti–Injunction Statute clearly prevents that attempt to re–litigate the issues.

For the reasons stated, this court is prohibited by 28 U.S.C. § 2283 from enjoining enforcement of the injunction issued by the Circuit Court of Dickenson County, Virginia. Accordingly, the defendant's motion to dismiss is granted.